STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
LAWRENCE S. MIDDLETON (Cal. Bar No. 157866)
Assistant United States Attorney
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-5010
      Facsimile: (213) 894-6436
      E-mail:   lawrence.middleton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>             v.<br><br>CHARLES GOSWITZ,<br><br>        Defendant. | No. CR 15-0251-_____<br><br>PLEA AGREEMENT FOR DEFENDANT<br>CHARLES GOSWITZ |

     1.   This constitutes the plea agreement between Charles Goswitz ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in

the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with obstructing a sex trafficking investigation, in violation of 18 U.S.C. § 1591(d).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the underlying complaint as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines

2

range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in the information, that is, obstructing a sex trafficking investigation, in violation of Title 18, United States Code, Section 1591(d), the following must be true:

<u>First</u>, the defendant obstructed, attempted to obstruct, or interfered with the enforcement of Title 18, United States Code, Section 1591; and

<u>Second</u>, the defendant did so knowingly;
Defendant admits that defendant is, in fact, guilty of the offense as described in the information.

<u>PENALTIES AND RESTITUTION</u>

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1591(d) is: 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that defendant will be required to pay full restitution to the victims of the offense.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to any amounts alleged in the count to which defendant is pleading guilty and may include losses arising from counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with those counts and charges.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

4

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

## Statement of Facts

In or about March 2013, Homeland Security Investigations ("HSI") Special Agents initiated a human trafficking investigation based on information received from the Long Beach Police Department. As part of their investigation into potential human sex trafficking, in violation of Title 18, United States Code, Section 1591, on April 10, 2013, HSI Special Agents contacted defendant Charles Goswitz to question him regarding his knowledge of, and contacts with, a minor victim,

5

whose whereabouts at that time were unknown.    During a voluntary interview, the Special Agents told defendant Goswitz that the minor victim was missing, and that she was a potential victim of human trafficking.   Knowing that information, defendant Goswitz then falsely stated to the Special Agents that he had never met the minor victim.   Defendant further stated that he obtained photographs of the minor victim from online and used them to post his own advertisements in an attempt to meet women.

Contrary to defendant Goswitz's April 10, 2013, statements, the HSI Special agents subsequently learned through searches of email accounts linked to both defendant and the minor victim, that prior to their April 10, 2013, interview with defendant, he had in fact been in contact with the minor victim and had engaged in commercial sex acts with her.   In a subsequent voluntary interview with the HSI Special Agents conducted on June 20, 2013, defendant Goswitz admitted that he had previously told the agents that he found the minor victim's photographs online, and had never met her.   Then, after being confronted with the fact that he had emailed sexually explicit photographs of the minor victim (including photographs of defendant and the minor victim engaging in sex acts) to her, defendant admitted that he had met with the minor victim for a date, on which he had solicited her for commercial sex acts.

SENTENCING FACTORS

10.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

6

11.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

<u>Base Offense Level</u>:        24     [U.S.S.G. § 2G1.3(a)(4)]

Specific Offense
<u>Characteristics</u>

(use of a computer):        +2     [U.S.S.G. § 2G1.3(b)(3)]

(commission of a sex act
or sexual contact):        +2     [U.S.S.G. § 2G1.3(b)(4)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

12.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if

necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

15.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

16.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 71 months, defendant gives up the right to appeal all of the following:

8

(a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; and (d) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

17.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 57 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

18.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-

indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of

this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

22.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing

Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

25.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

26.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the

1  entire agreement had been read into the record of the proceeding.

2  AGREED AND ACCEPTED

3  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
4  CALIFORNIA

5  STEPHANIE YONEKURA
   Acting United States Attorney
6

7  _____      5/20/15
   LAWRENCE S. MIDDLETON                 Date
8  Assistant United States Attorney

9  _____      5/11/15
10 CHARLES GOSWITZ                       Date
   Defendant
11

12 _____      5/18/15
   EDWARD M. ROBINSON, ESQ.             Date
13 Attorney for Defendant
   Charles Goswitz
14

15

16          CERTIFICATION OF DEFENDANT

17      I have read this agreement in its entirety.  I have had enough

18 time to review and consider this agreement, and I have carefully and

19 thoroughly discussed every part of it with my attorney.  I understand

20 the terms of this agreement, and I voluntarily agree to those terms.

21 I have discussed the evidence with my attorney, and my attorney has

22 advised me of my rights, of possible pretrial motions that might be

23 filed, of possible defenses that might be asserted either prior to or

24 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25 of relevant Sentencing Guidelines provisions, and of the consequences

26 of entering into this agreement.  No promises, inducements, or

27 representations of any kind have been made to me other than those

28 contained in this agreement.  No one has threatened or forced me in

                              13

1   any way to enter into this agreement.  I am satisfied with the
2   representation of my attorney in this matter, and I am pleading
3   guilty because I am guilty of the charge and wish to take advantage
4   of the promises set forth in this agreement, and not for any other
5   reason.

6   *Charles Goswitz*                              5/18/15
7   CHARLES GOSWITZ                                Date
    Defendant
8

9              CERTIFICATION OF DEFENDANT'S ATTORNEY

10      I am Charles Goswitz' attorney.  I have carefully and thoroughly
11  discussed every part of this agreement with my client.  Further, I
12  have fully advised my client of his rights, of possible pretrial
13  motions that might be filed, of possible defenses that might be
14  asserted either prior to or at trial, of the sentencing factors set
15  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
16  provisions, and of the consequences of entering into this agreement.
17  To my knowledge: no promises, inducements, or representations of any
18  kind have been made to my client other than those contained in this
19  agreement; no one has threatened or forced my client in any way to
20  enter into this agreement; my client's decision to enter into this
21  agreement is an informed and voluntary one; and the factual basis set
22  forth in this agreement is sufficient to support my client's entry of
23  a guilty plea pursuant to this agreement.

24                                                 5/18/15
25  EDWARD M. ROBINSON, ESQ.                       Date
    Attorney for Defendant
26  Charles Goswitz

27

28

                                  14