EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON (Cal. Bar No. 157866)
Assistant United States Attorney
Chief, Criminal Division
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5010
    Facsimile: (213) 894-0141
    E-mail:    lawrence.middleton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-00251-BRO |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING FACTORS; SENTENCING POSITION; EXHIBIT |
| v. | |
| CHARLES GOSWITZ, | Hearing Date: October 26, 2015<br>Hearing Time: 9:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. Beverly Reid O'Connell |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, in accordance with the provisions of Sentencing Guidelines Manual Section 6A1.2, and consistent with the terms of the plea agreement between the parties, hereby adopts without objection the findings and recommendations of the United States Probation Office, including the recommendation that defendant be sentenced at the low-end of the 57-71 months advisory guidelines sentencing range to a term of imprisonment of 57 months.

    In support of this sentence, the government further adopts the justification set forth in the United States Probation Office's

disclosed sentencing recommendation and believes that justification is more than sufficient grounds for the recommended sentence taking into consideration the sentencing factors at 18 U.S.C. § 3553(a).

    Indeed, notwithstanding any mitigation argued by defendant, the sexual exploitation of minors is a very serious offense, and, while the government did not prove, or attempt to prove that defendant knew his victim in this case was a minor, there was evidence that defendant intentionally targeted very young girls.  In particular, many of the photographs of girls defendant contacted for commercial sex (as recovered from defendant's computer) looked as if they were juveniles.[1]  Additionally, as set forth in the underlying complaint affidavit in this case, even after being told by HSI agents that his victim in this case was a juvenile and possibly a victim of human trafficking, defendant attempted to re-contact her.  Moreover, when asked about the nature of his subsequent communication, defendant was less than forthcoming.  Specifically, defendant stated that he had contacted a girl who looked to him like his prior victim using a different name, and stated to her something along the lines of, "you look a lot like Beautiful Ashlyn."  However, when the agents reviewed the actual communication, what defendant actually said was: "Rates? Menu? BBBJ? Thanks," which contrary to defendant's Representation,

---

[1] Photographs of some of these girls were shown to defense counsel prior to defendant's guilty plea and will be available for viewing by the Court at the sentencing hearing if the Court deems it necessary.

appears to be a solicitation for sex. (See Exhibit 1 at 37-40).[2][3]

Dated: Oct. 12, 2015              Respectfully submitted,

                                  EILEEN M. DECKER
                                  United States Attorney

                                  _____/s/_____
                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

---

[2] Exhibit 1 is an excerpt of the underlying Criminal Complaint filed in this case.

[3] Finally, the United States Probation Office correctly states that the maximum punishment for defendant's offense of conviction includes a mandatory 5-year period of supervised release. In the written plea agreement the government incorrectly advised that the maximum punishment included a 3-year term of supervised release. Notwithstanding that defendant was misadvised as to the maximum period of supervised release, the error is harmless where the sentence imposed, including the period of supervised release, does not exceed the statutory maximum punishment that the defendant was advised that he could receive at the change of plea hearing. See United States v. Roberts, 5 F.3d 365, 368-69 (9th Cir. 1993); United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009). In this case, defendant was advised that the maximum period of confinement for the crime to which defendant was pleading guilty was twenty years. Nevertheless, prior to imposing sentence, the government respectfully asks that the court advise defendant that the maximum punishment for the crime to which he pleaded guilty includes a mandatory 5-year period of supervised release, and confirm on the record that defendant does not wish to withdraw his guilty plea.